The Terrell Machine Company v. Commissioner.
Terrell Mach. Co. v. Commissioner
Docket No. 24435.
United States Tax Court
1950 Tax Ct. Memo LEXIS 162; 9 T.C.M. (CCH) 534; T.C.M. (RIA) 50155; June 28, 1950
*162 Richard E. Thigpen, Esq., 112 S. Tryon St., Charlotte 2, N.C., for the petitioner. Paul E. Waring, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves deficiencies in declared value excess-profits tax and excess profits tax in the respective amounts of $179.52 and $6,752.05, determined for the petitioner's fiscal year ended June 30, 1945. Petitioner also claims an overpayment in excess profits tax of $153.50 for the year. The sole issue presented is whether the full amount of the North Carolina state income tax paid during the year involved is deductible in determining the petitioner's taxable income or whether the deduction should be limited to the amount of state income tax computed on income after the elimination of excessive profits repaid on account of later renegotiation of petitioner's war contracts. Findings of Fact The petitioner, a North Carolina corporation with its principal office at Charlotte, North Carolina, engages in the business of manufacturing, selling, assembling, and installing machinery for the textile and other industries. During its fiscal year ended June 30, 1945, petitioner was engaged *163 in the manufacture of military equipment under war contracts. It keeps its books and records and makes its tax returns upon the accrual basis of accounting. Its income and declared value excess profits tax return and its excess profits tax return for the taxable year ended June 30, 1945, were filed with the collector of internal revenue for the district of North Carolina. For the fiscal year ended June 30, 1945, petitioner reported net taxable income of $252,518.13 upon its income tax return to the State of North Carolina and paid on November 15, 1945, without protest, the state income tax of $15,151.09 upon the income reported. On the same date petitioner filed its federal tax returns, reporting net taxable income of $238,265.84. This net income, plus the deduction of $15,151.09 taken for state income tax paid, less $898.80 of income not taxable by the State of North Carolina, equals the amount of income reported on the petitioner's state tax return. Petitioner deducted the full amount of the North Carolina income tax accrued and paid for the taxable year in computing its net taxable income for federal tax purposes for that year. On March 20, 1947, petitioner paid to the collector *164 of internal revenue additional excess profits tax of $332.21 for the taxable year ended June 30, 1945, in settlement of adjustments made by the collector. On July 29, 1947, the War Contracts Price Adjustment Board entered an order that petitioner had realized excessive profits of $134,611 during the fiscal year ended June 30, 1945, from war contracts subject to renegotiation. Petitioner contested the order and appealed to this Court for a redetermination, but continued negotiations with Government representatives in an attempt to settle liability. On December 4, 1947, petitioner notified the North Carolina Department of Revenue that it was contesting the War Contracts Price Adjustment Board's determination of excessive profits and that it would assert claim for a refund of North Carolina income tax paid on whatever part of its profits reported for the fiscal year 1945 should be finally determined to be excessive and subject to repayment to the Federal Government. On May 24, 1948, petitioner tendered its check for $25,456.61 in settlement of renegotiation liability to the Federal Government and this settlement was accepted on June 22, 1948. The amount paid represented the entire *165 amount of excessive profits eliminated, $134,611, less the tax credit provided by section 3806(b), Internal Revenue Code, and other adjustments not here involved. On June 29, 1948, petitioner's proceeding in this Court was dismissed on its own motion. On July 6, 1948, petitioner filed a formal claim for refund with the North Carolina Department of Revenue in the amount of $8,608.84 on account of the elimination of excessive profits of $134,611. On July 29, 1948, petitioner filed an amended claim for refund of income tax from the North Carolina Department of Revenue in the amount of $8,076.66. On August 7, 1948, petitioner was notified that the claim for refund and interest had been allowed in the amount of $9,249.39, and later during the year received a voucher in that amount from the State of North Carolina to pay the refund of tax and interest. In its federal income tax return for the taxable year ended June 30, 1949, petitioner reported as taxable income the $8,076.66 received in that year as a refund of 1945 state income tax. In determining the deficiency herein for 1945 respondent disallowed the $8,076.66 of North Carolina state income tax paid in that *166 year. Opinion LeMIRE, Judge: Respondent contends that the deduction for 1945 state income taxes should be limited to the amount payable on petitioner's income after renegotiation. We have previously considered this question in Western Cartridge Co., 11 T.C. 246, and Taylor Instrument Companies, 14 T.C. 388. Those cases involved the deductibility of state income taxes paid in the taxable years, to the states of Connecticut and New York, respectively, but later adjusted following renegotiation. We held that since petitioners owed the taxes and were required to pay them at the end of its taxable year with no assurance that any of them would ever be refunded the full amounts were properly deducted. The same situation exists here and we deem those cases controlling. Respondent concedes that the Western Cartridge Company and Taylor Instrument Companies cases are against him but argues that our decision in the latter case is erroneous in that it fails to give any recognition to section 3806, Internal Revenue Code, which provides for federal tax credit to be allowed against the excessive profits eliminated through renegotiation. We *167 gave no recognition to section 3806 in that case, but in National Builders, Inc., 12 T.C. 852, we did consider it and concluded that it was inapplicable. Decision will be entered under Rule 50.